WILEY H. SCOTT vs. BARNEY BECKER, BARNEY MATHEWS and ZEBULON H. WILLOUGHBY.

Where a report of referees made since the 1st day of July last, in a cause commenced prior to and which was pending on that day, is sought to be reviewed; such review must be had under the old law, (by a case, &c.,) according to the practice before the code took effect. The code does not apply to such a case.

*Decided at the Special Term, in Cooperstown, Otsego county, January,* 1849. This was an action of assumpsit commenced in 1846, and referred in July last, to a sole referee, who on the 29th September last, made a report in favor of the Plaintiff for $117.33, and Defendants made and served a case in due time to set aside the report, and to which case the Plaintiff prepared and served amendments, and the Defendants noticed the case for settlement before the referee in due time and the case was settled by the referee and the Defendants noticed the cause for argument at the January term in Madison county, 1849, and

at the request of the attorney for the Plaintiff, and to accommodate him, as the Defendants' attorney swears, he countermanded the notice of argument.

The Defendants had obtained an order staying the Plaintiff until the decision of the court on the motion for a new trial, and which the Plaintiff got so far modified as to allow him to enter up his judgment, and thus the cause stood when the Plaintiff's attorney made this motion to set aside the case and to vacate the order staying Plaintiff's proceedings, for the reason that the Defendants' case was regulated by the provisions of the code, and that the Defendants could only be heard upon an appeal taken from the judgment, and upon the ground that the Defendants must execute the security in conformity to the provisions of the code.

     C. C. NOBLE, *for the Plaintiff.*

     C. FIELD, *for the Defendant.*

MASON, Justice.—I am entirely satisfied, after a careful examination of the provisions of the code, that they are not applicable to a case made to review the report of referees made in a suit pending when the code took effect. Section 271 of the code does not reach the case. It is not a case where a writ of error or an appeal was allowed before the code, nor is it a case where the court reviewed the judgment by the former practice. The court only reviewed the trial and ascertained whether there were errors committed by the referees, and besides, section 280 of the code is not made applicable to pending suits, and the same is true of section 297 of the code, which provides for an appeal in the Supreme Court, and § 223 of the code, which provides for the mode of reviewing the trial upon a case is not made applicable to the suits pending when the code took effect; and section 227 of the code, which requires the judgment upon the report of referees to be reviewed on a case in the same manner as is provided in section 223 of the code, for a trial by the court is also not made applicable to suits pending when the code took effect, and without going into any further examination of the code I would say that after a careful examination of the provisions of the code in relation to reviewing the report of referees made in a case pending on the first Monday of July, 1848, that I find none of the provisions of the code applicable to such a case, and the case is left to the practice as it existed prior to the code, under which practice there was no such thing as an appeal or the giving of security. The Defendants' attorney has been strictly right in pursuing the former practice in this case, and the Plaintiff's motion to set aside the Defendants' case, and to vacate the order staying proceedings must

be denied, but as there has been so much confusion in the practice in relation to this class of cases, growing out of the very great change which has been produced by the Code of Procedure, I shall not give the Defendants the costs of opposing this motion.